**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Frank STEIER, Defendant and Appellee.**

**Cr. No. 930177CA.**

Court of Appeals of North Dakota.

April 12, 1994.

Tom M. Henning (argued), Asst. State's Atty., Dickinson, for plaintiff and appellant.

Ronald A. Reichert (argued), Reichert, Buresh, Herauf & Ficek, PC, Dickinson, for defendant and appellee.

RALPH J. ERICKSTAD, Surrogate Judge.

Frank Steier was convicted by a jury of driving with a blood alcohol concentration of at least .10 percent, in violation of Section 39–08–01, N.D.C.C. Following his conviction, Steier moved for a new trial on the ground that the court erred in admitting an uncertified copy of Form 104, the State Toxicologist's directions for sample collection and submission of blood specimens. The trial court granted the motion for new trial, stating without further explanation that it was error to admit the blood test results without a properly certified Form 104 and that "this error was prejudicial to the defendant." We conclude that the trial court abused its discretion in granting a new trial, because there was no showing that the court's admission of the uncertified Form 104 was prejudicial.

A motion for a new trial is committed to the sound discretion of the trial court, and its decision will not be set aside on appeal unless the decision constitutes an abuse of discretion. *State v. Skaro,* 474 N.W.2d 711 (N.D.1991). Section 39–20–07, N.D.C.C., governs the admissibility of chemical test results of persons charged with driving while under the influence of intoxicating liquor or drugs. Under this provision a certified copy of blood test results is admissible if the state establishes that there has been fair administration of the test. *State v. Schwalk,* 430 N.W.2d 317 (N.D.1988). The State Toxicologist has drafted Form 104 to be used when a blood sample is drawn for blood alcohol testing. The back of Form 104 contains nine-step directions for collecting and submitting blood samples. The North Dakota Supreme Court said in *State v. Sivesind,* 439 N.W.2d 530, 533 (N.D.1989), that

the key to admissibility of blood test results is not Form 104, but rather proof that the test has been fairly administered in accordance with the State Toxicologist's methods and procedures:

"When the State Toxicologist has promulgated methods and procedures for conducting the requisite test, fair administration is established only by proof that those methods were scrupulously complied with or by expert testimony. *State v. Schwalk, supra* at 323. Without a written certification that each and every directive for sample collection promulgated by the State Toxicologist has been followed, Form 104 does not on its face establish fair administration of the chemical test and therefore the State must prove fair administration by other evidence. *State v. Schwalk, supra.*"

Before submitting the case to the jury, the trial court denied a motion by Steier's counsel for a mistrial on this issue. In denying the motion, the court said during an in-chamber discussion:

"... it was the testimony of the officer that it was a form that he removed from the blood sample kit and he prepared, personally, with his handwriting and I was satisfied at that time with the integrity of the Exhibit and I guess I continue to do so.... I think everything has been fair and I ... therefore deny your motion at this time for mistrial...."

Nevertheless, following Steier's jury conviction, the trial court granted a new trial solely on the ground that the admitted Form 104 was not certified.

Approximately one month after the trial court granted Steier's motion for a new trial, the North Dakota Supreme Court rendered its decision in *McNamara v. N.D. Dept. of Transp.,* 500 N.W.2d 585 (N.D.1993). Although that decision could not have been taken into account by the trial court, it does reaffirm past decisions of the North Dakota Supreme Court stating that the key to admitting chemical test results is proof of fair administration, not submission of Form 104. McNamara's license was suspended for driving while under the influence of alcohol. He

argued that the chemical test results should have been excluded from evidence because the operational checklist (Form 104) was not certified by the clerk of the district court. The North Dakota Supreme Court concluded that fair administration, not certification of the State Toxicologist's operational checklist, was the key to admissibility of the chemical test results:

"... test results cannot be admitted unless a fair administration of the test is proved. [*State v. Schwalk,* 430 N.W.2d] at 322.

\*　　\*　　\*　　\*　　\*　　\*

"... even if the checklist on Form 104 had been a certified copy from the district court clerk, under *Schwalk,* the DOT still would have been compelled to produce other evidence of compliance with the State Toxicologist's approved methods. Relying on a certified checklist alone would not have been sufficient. McNamara's argument here is misplaced."

*McNamara, supra,* 500 N.W.2d at 589.

In this case the arresting officer testified that he performed every part of the procedure required by the State Toxicologist for blood tests. Steier has not argued on appeal that the officer did not comply with the procedures on Form 104.

 We conclude that the trial court abused its discretion in granting a new trial, because admission of the uncertified form was not shown to constitute any prejudice to the defendant in this case. The State produced evidence from which the trier of fact could conclude that the blood test had been fairly administered. Although the admitted Form 104 was not certified, the arresting officer testified that it came from the "cardboard vial" as part of the blood sample kit. There was no evidence, not even an allegation, that the form was inaccurate or contained something other than the State Toxicologist's directions for blood testing.[1] There was no possible prejudice to the defendant by admission of this form, and, consequently, it was an abuse of discretion for the trial court to grant a new trial.

The order of the county court granting Steier a new trial is reversed.

JON R. KERIAN, Surrogate Judge, and KIRK SMITH, District Judge, concur.

---

1. The North Dakota Supreme Court has on numerous occasions quoted in full the nine-step blood collection process that has been certified by the State Toxicologist, and those steps are identical to those on the Form 104 admitted in this case. *See, e.g., McNamara v. N.D. Dept. of Transp.,* 500 N.W.2d 585 (N.D.1993); *Schwind v. N.D. Dept. of Transp.,* 462 N.W.2d 147 (N.D. 1990); *Keepseagle v. Backes,* 454 N.W.2d 312 (N.D.1990).